IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **PETER B. MANCUSO (As Executor of the Estate of Marcia V. Briscoe),** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>) Civil Action No.: 1:21-cv-04042-<br>) JPB-JKL<br>) |
| **NEW REZ LLC (A/K/A Shellpoint Mortgage Servicing, F/K/A New Penn Financial, LLC, D/B/A Shellpoint Mortgage Servicing; PADGETT LAW GROUP, LLC** | )<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

## DEFENDANT PADGETT LAW GROUP, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Padgett Law Group, LLC ("Defendant"), appearing specially, by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(5), respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint in its entirety, showing this Honorable Court as follows:

1

## I. <u>INTRODUCTION</u>

Plaintiff's Complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA") and O.C.G.A. § 44-14-162, which Plaintiff brought *pro se*, on behalf of the Estate of Marcia V. Briscoe (the "Estate"). Plaintiff attempted to serve Defendant in its Florida office, however, left the summons and complaint with an individual not authorized to accept service on Defendant's behalf. Additionally, because he is not a licensed attorney, Plaintiff cannot appear *pro se* as a representative for the Estate's interests. Plaintiff's claims of violations of the FDCPA fail because Plaintiff has not alleged that Defendant New Rez LLC a/k/a Shellpoint Mortgage Servicing, f/k/a New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing ("Shellpoint") lacked the authority to foreclose on the Property. Plaintiff's claim for violation of O.C.G.A. § 44-14-162, which Defendant interprets as an attempted wrongful foreclosure claim, fails because Plaintiff cannot allege facts proving that Defendants committed a "knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition," or that the Defendants' conduct caused the Plaintiff or the Estate damages as a "direct result." Accordingly, the Complaint is due to be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6). As discussed further below, each of these claims should be dismissed for lack of sufficient service of process and for failure to state a claim.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The instant action arises out of and concerns the real property located at 392 Glen Iris Drive, Atlanta, Georgia 30308 (the "Property"), purchased by Marcia V. Briscoe on October 15, 2007. (Compl., ¶ 8). In order to purchase the Property, Briscoe executed a note in favor of IndyMac Bank, F.S.B. in the amount of $$198,000.00 (the "Note"), and as security for the Note, executed that certain Security Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for IndyMac Bank, F.S.B., its successors and assigns. (Id. at ¶ 9). On November 2, 2007, the Security Deed was recorded in Deed Book 45919, Page 174, of the Fulton County real property records. (Id.). The Security Deed was subsequently assigned to CitiBank, N.A., not in its individual capacity but solely as owner trustee for the New Residential Mortgage Loan Trust 202-RPL1 ("CitiBank, as Trustee"). (Id. at ¶ 13). Marcia P. Briscoe stopped making payments on the underlying loan and Defendant Shellpoint, as servicer, subsequently declared the Loan to be in default, accelerated the debt, and initiated foreclosure proceedings.

The foreclosure sale scheduled for September 2020 was advertised for four consecutive weeks starting August 7, 2020, in the Daily Report, the legal organ for Fulton County. (Id. at 14). The advertisements did not include the most recent assignment of the Security Deed from U.S. Bank National Association, not in its individual capacity but solely as Trustee of NRZ Pass-Through Trust X ("U.S.

3

Bank, as trustee") to CitiBank, as Trustee, recorded in June 2020. (Id.).

On behalf of Shellpoint, Padgett Law scheduled a foreclosure sale for the September 2020 sale date. The sale was cancelled and did not take place.

Plaintiff filed this action, *pro se*, as executor of the Estate in the Superior Court of Fulton County on August 26, 2021, and summons was issued to the Defendants on the same date. (See generally Compl.). Plaintiff attempted to serve Padgett Law on August 31, 2021, and delivered the summons and complaint to an individual without the authority to accept service on Padgett Law's behalf.

### III.   ARGUMENT AND CITATION OF AUTHORITY

#### A. The Standard of Relief

Under FRCP 12(b)(6), a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted." Id. To avoid dismissal under FRCP 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). A pleading containing mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; see also Iqbal, 556 U.S. at 677-79, 129 S. Ct. at 1949-50 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and are "not

entitled to the assumption of truth"). Rather, plaintiffs are required to make factual allegations which are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Put simply, a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (alteration in original) (quoting Twombly 550 U.S. at 557, 127 S.Ct. at 1995).

Plaintiffs must provide "the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests." Charles H. Wesley Educ. Found., Inc. v. Cox 408 F.3d 1349, 1352 (11th Cir. 2005) (quoting U.S. v. Baxter Int'l., Inc. 345 F.3d 866, 881 (11th Cir. 2003)); see also Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1950 (noting that Rule 8 "does not unlock the doors […] for a plaintiff armed with nothing more than conclusions"). Complaints must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007).

Although the factual allegations of a complaint must generally be taken as true when ruling on a motion to dismiss, a court should not accept "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2001). The Court may dismiss a complaint "when, on the basis of a dispositive issue of law, no

construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. Of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Circ. 1993).

Complaints filed by *pro se* litigants may be liberally construed. Strickland v. A Mortg. Co. (In re Strickland), 179 B.R. 979, 980 (Bankr. N.D. Ga. 1995). However *pro se* claimants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988) (quoting Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986)). "E[v]en in *pro se* cases, the Court is not permitted to serve as *de facto* counsel to a party or to rewrite an otherwise deficient pleading." Standifer v. SEC, 542 F. Supp. 2d 1312, 1316 (N.D. Ga. 2008).

### B. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### 1. Under Georgia and federal law, Plaintiff cannot appear *pro se* on behalf of the Estate.

As an initial procedural deficiency, Mr. Mancuso, acting *pro se*, cannot represent the Estate in this matter. This principle is clear cut. *See Franklin v. Garden State Life Ins.,* 462 Fed.Appx. 928, 930 (11th Cir. 2012) (holding that a non-lawyer executor was not permitted to proceed *pro se* on behalf of an estate); *Ferguson v. Midland Mortg. Co.,* No. 1:20-cv-3744-ELR-LTW, 2020 WL 9814115,

at *1 (N.D. Ga. Sept, 16, 2020) (citing *Franklin* and holding that the *pro se* executor could not represent estate in FDCPA claim); *In re Estate Wheeler,* 349 Ga. App. 716, 717, 824 S.E. 2d 715 (2019) ("[Plaintiff] is not an attorney. As such, he had no right to practice law or prosecute this case. In Georgia, only a duly licensed attorney may appear before a judicial body on behalf of another.").

In filing this Complaint, Mr. Mancuso appears *pro se* on behalf of the Estate. Mr. Mancuso, however is not attorney licensed to practice law in the State of Georgia. Although he is welcome to represent himself *pro se*, he cannot represent the interests of the Estate, which is a separate entity. For this reason alone, Mr. Mancuso cannot prove any set of facts entitling him to relief for either of his two claims, and his Complaint should be dismissed in its entirety.

## 2. Plaintiff has failed to properly serve Defendant Padgett Law Group, LLC

As a second procedural deficiency, Plaintiff has failed to properly serve Defendant Padgett Law Group, LLC. Although Plaintiff filed an "Affidavit of Service" purporting to serve Padgett Law Group, LLC, the individual who was allegedly served with process is *not* authorized to accept service on the company's behalf.

## 3. The allegation relating to publishing a foreclosure advertisement does not constitute debt collection activity under the FDCPA

The Complaint allegations are otherwise deficient and warrant dismissal. In order to succeed on a FDCPA claim, a plaintiff must allege facts that show: "(1) he

or she has been object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Jewitt-Gleaton v. Bank of Am. N.A.,* No. 1:17-cv-2003-SCJ-RGV, 2018 WL 1461566, at *7 (N.D. Ga. Jan. 16, 2018).

Plaintiff bases his claim for violation of the FDCPA on 15 U.S.C. § 1692f(6)(A). (Comp., ¶ 54). He fails, however, to state a claim under § 1692f(6)(A) because he has not alleged that Defendants engaged in any activity in violation of the FDCPA. Plaintiff does not set forth any allegations that the Defendants did not have a "present right to possession of the property claimed as collateral through an enforceable interest." Rather, Plaintiff basis his claim on Defendants' inclusion of outdated information in the foreclosure sale advertisements. This allegation alone is insufficient to base a claim under § 1692f(6)(A) because it does not establish that Defendants did not have a right to foreclose.

Further, courts have held that, where the plaintiff's only allegation of a debt collection activity is the "initiation of foreclosure proceedings," that alone is insufficient to state an FDCPA claim and that the enforcement of a security interest through the foreclosure process is not debt collection for the purposes of the FDCPA. *See Goodman Estate v. Nationstar Mortg., LLC,* No. 1:19-cv-03814-SDG-

RGV, 2019 WL 11497823, at *12 (N.D. Ga. Nov. 6, 2019) (citing *Warren v. Countrywide Home Loans, Inc.,* 342 Fed.Appx. 458, 460-61 (11th Cir. 2009)); *Miller v. Wells Fargo Bank, N.A., Inc.,* 2013 WL 1189503, at *5 (N.D. Ga. Mar. 21, 2013) (noting that the only conduct by defendant identified by plaintiff that could arguably be described as debt collection activity was the initiation of foreclosure proceedings, which under *Warren v. Countrywide Home Loans* was insufficient to state an FDCPA claim); *Joseph v. Nationstar Mortg., LLC,* No. 1:20-cv-851-WMR-RGV, 2020 WL 9597743, at *11 (N.D. Ga. Sept. 14, 2020), *adopted* at 2020 WL 9597952 (Dec. 3, 2020) (dismissing FDCPA claim that was based on "events surrounding the foreclosure of his property"). *Jewitt-Gleaton,* 2018 WL 1461566, at *8 (dismissing FDCPA claim based on foreclosure activity).

In his Complaint, Plaintiff states that "[t]he ads run for the foreclosure sale shows that they knowingly, willingly, wantonly, and with malicious intent allowed to [sic] the ads to run, showing an entity that no longer owned the loan and had no interest in the property or the loan." (Compl., ¶ 38). Plaintiff also states that "the incorrect owner of the note and security was allowed to run four times, even though Plaintiff contacted them and questioned who it was that currently owned the loan." (*Id.,* at ¶ 45). Plaintiff continues that "Shellpoint **enacted foreclosure proceedings** against Plaintiff's property without the proper authority, they were again receiving or attempting to take monetary compensation for a debt; this

displays stronger evidence of debt collection activities on their part." (*Id.* at ¶ 53 [emphasis added]). The clear import of these statements is that Plaintiff bases his FDCPA allegations solely on Defendants' inclusion of slightly outdated information in their foreclosure sale advertisements. But as the aforementioned precedent establishes, such allegations fail to state a viable FDCPA claim because the publication of advertisements is merely part of the "initiation of foreclosure proceedings." The foreclosure proceedings never advanced beyond the initiation phase because the foreclosure sale, scheduled for September 2020, was canceled (Compl, Exhibit 3). No foreclosure sale ever took place. Plaintiff has not provided any set of facts entitling him to relief under the FDCPA, and therefore, this Court should dismiss his FDCPA cause of action.

### 4. Plaintiff's O.C.G.A. § 44-14-162 or Attempted Wrongful Foreclosure Claim is Likewise Due to be dismissed.

Plaintiff describes his second cause of action simply as "Violations of O.C.G.A. § 44-14-162." (Comp. p. 11). But as no foreclosure sale ever occurred, at most, this claim can only be understood as a claim for *attempted* wrongful foreclosure. As a claim for attempted wrongful foreclosure, it fails as a matter of law and must be dismissed.

"An attempted wrongful foreclosure claim exists when, in the course of a foreclosure action that was not completed, a defendant makes 'a knowing and intentional publication of untrue and derogatory information concerning the

debtor's financial condition, and damages were sustained as a direct result of the publication.'" *Sparra v. Deutsche Bank Nat. Trust Co.,* 336 Ga. App. 418, 421, 785 S.E. 2d 78, 83, (2016) (quoting *Aetna Finance Co. v. Culpepper,* 171 Ga. App. 315, 319, 320 S.E.2d 228) (1984)). If a plaintiff cannot prove that the defendant published information about his financial condition that was untrue and if he cannot allege any damages as a result of the foreclosure publication for which he could recover, then his claim is without merit. *See id.*

This same type of claim has been previously rejected. Even where a notice of foreclosure sale identifies the wrong party as the entity with the authority to foreclose it is "not an untrue or derogatory statement about [a plaintiff's] financial status." *Williamson v. Bank of Am., N.A.,* No. 1:14-cv-02824-AT-JFK, 2015 WL 11517083 (N.D. Ga. June 8, 2015), adopted 2015 WL 11605553 (July 13, 2015) (citing *Sellers v. Bank of America, N.A.,* 2012 WL 1853005, at *3 (N.D. Ga. May 21, 2012)).

Defendant's published foreclosure advertisements with outdated information regarding the owner/holder of the Note and Security Deed cannot form the basis of an attempted wrongful foreclosure claim. First, Defendants did not commit a "knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition." The Eleventh Circuit has established that a statement of intent to foreclose a property is "not a statement of a debtor's

11

financial condition, but a statement about a lender's future actions" and that "a statement of a lender's intent to foreclose, without more, does not support a claim for wrongful attempted foreclosure." *Bates v. JPMorgan Chase,* 768 F.3d 1126, 1134 (11th Cir. 2014); *see also, Phillips v. Ocwen Loan Serv.,* 92 F. Supp. 3d 1255, 1266, (N.D. Ga 2015) (dismissing attempted wrongful foreclosure claim where the statement about the debt secured by the security deed was not untrue or derogatory); *Peterson v. Merscorp Holdings, Inc.,* No 12-cv-00014-JEC, 2012 WL 3961211, at *5 (N.D. Ga. Sept 10, 2012) (dismissing for failure to state an attempted wrongful foreclosure claim where the allegation was only that the defendant misrepresented itself as a secured creditor on the foreclosure notice).

Moreover, Plaintiff does not allege that Defendants either knowingly or intentionally included any untrue or derogatory information concerning the Estate's financial condition in its publications. At the time of the publications, the loan was past due (*See* Compl, Exhibit 3 ["As of the date of this communication, the loan is past due for the December 1, 2019 through August 2021 installments."]); *see also Sparra,* 336 Ga. App. at 421 (holding that there was not a "knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition" where the plaintiff admitted that he was behind on this payments); *Morrison v. Ocwen Loan Servicing, LLC,* No. 1:18-cv-01707-JPB-LTW, 2020 WL 3424103, at *4 (N.D. Ga. Feb 13, 2020) ("This Court has consistently held that a

12

claim for wrongful attempted foreclosure will be dismissed if plaintiffs 'default on their loan obligations and, pursuant to the written terms of the Security Deed, the Property securing that loan is subject to a foreclosure sale'") (quoting *Fenello v. Bank of Am, N.A.,* 926 F.Supp.2d 1342, 1353 (N.D. Ga. 2013)), other internal citations omitted))). Because the loan was in default there can be no viable attempted wrongful foreclosure claim.

Second, Plaintiff has not alleged, nor can he, that he or the Estate sustained damages as a "direct result" of any publication. Plaintiff makes a general and vague request for relief for his second cause of action, stating that "[t]he OCGA allows and provides for the awarding of damages for violations of the laws and codes of the State of Georgia and Plaintiff prays that damages be awarded, for Defendant's actions…" Plaintiff does not specify exactly what damages he or the Estate sustained as a direct result of Defendant's alleged violation. Plaintiff fails to set forth any facts entitling him to relief. For these multiple reasons, Plaintiff's attempted wrongful foreclosure claim under O.C.G.A. § 44-14-162 should be dismissed.

## IV.  CONCLUSION

As set forth above, all of Plaintiff's claims fail to pass muster. Accordingly, this Court should dismiss Plaintiff's Complaint, in its entirety, with prejudice.

RESPECTFULLY SUBMITTED this 8th day of October, 2021.

/s/ Tomiya Lewis
PADGETT LAW GROUP
TOMIYA LEWIS, ESQ. GBN# 500793
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
attorney@padgettlawgroup.com
*Attorney for Defendant Padgett Law Group, LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1 (D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1 (B).

/s/ Tomiya Lewis

## **CERTIFICATE OF SERVICE**

I certify that I have on this day served a true copy of the foregoing Memorandum in Support by depositing a copy of the same in regular U.S. Mail, with adequate first-class postage affixed thereto, addressed as follows:

Peter B. Mancuso
P.O. Box 257
Conyers, Georgia 30012
Pro Se Plaintiff

Keith S. Anderson
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
*Attorney for Defendant New Rez, LLC d/b/a Shellpoint Mortgage Servicing*

This 8th day of October, 2021.

/s/ Tomiya Lewis
TOMIYA LEWIS, ESQ.
GBN# 500793